IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EXELA PHARMA SCIENCES, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br>DAVID J. KAPPOS, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,<br><br>UNITED STATES PATENT AND TRADEMARK OFFICE,<br><br>Defendants. | Civil Action No. 1:12-cv-00469 (LO/JFA) |

**ANSWER**

Pursuant to Federal Rule of Civil Procedure 8, defendants, through their undersigned counsel, hereby respectfully submit their answer to the complaint in the above-captioned matter.

**FIRST DEFENSE**

The agency decisions at issue in this civil action were not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

**SECOND DEFENSE**

Several of the statutes on which plaintiffs purport to vest this Court with subject-matter jurisdiction, Compl. ¶6, do not waive the United States' sovereign immunity and therefore subject it (or its agencies and officials) to suit.

**THIRD DEFENSE**

This Court lacks subject-matter jurisdiction over plaintiffs' claims.

**FOURTH DEFENSE**

Plaintiffs lack standing to pursue their claims in this action.

**FIFTH DEFENSE**

Plaintiffs' claims are not justiciable.

**SIXTH DEFENSE**

Plaintiffs' claims are barred by operation of the statute of limitations.

**SEVENTH DEFENSE**

Congress has precluded judicial review, *see* 5 U.S.C. § 701(a)(1), over the agency decisions at issue in this civil action by an entity in plaintiffs' position.

**EIGHTH DEFENSE**

Plaintiffs fail to state a claim upon which relief can be granted.

**NINTH DEFENSE**

Plaintiffs fail to state a cause of action against defendants for a declaratory judgment.

**TENTH DEFENSE**

Defendants reserve the right to raise any affirmative defense—including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c)—that may be supported by the record in this civil action.

**ELEVENTH DEFENSE**

Defendants answer the allegations in the complaint's numbered paragraphs as follows:

1. The allegations contained within the first sentence of this paragraph constitute a characterization of the instant action, to which no response is required. The allegations contained within the second and third sentences of this paragraph constitute a characterization of

the administrative record in this case. The administrative record speaks for itself on this score and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, defendants deny the same.

2. The allegations contained within this paragraph constitute either conclusions or statements of law to which no response is required.

3. The allegations contained within this paragraph constitute a characterization of the instant action, to which no response is required.

4. The allegations contained within this paragraph constitute a characterization of the instant action, to which no response is required.

5. The allegations contained within this paragraph constitute conclusions of law to which no response is required.

6. The allegations contained within this paragraph constitute conclusions of law to which no response is required.

7. The allegations contained within this paragraph constitute conclusions of law to which no response is required.

8. Defendants are without information sufficient to admit or deny the allegations contained within this paragraph.

9. Defendants are without information sufficient to admit or deny the allegations contained within this paragraph.

10. Defendants are without information sufficient to admit or deny the allegations contained within this paragraph.

11. The allegations contained within the first sentence of this paragraph constitute a

conclusion of law to which no response is required. Defendants admit the allegations contained within the second sentence of this paragraph.

12. Defendants admit the allegations contained within the first and second sentences of this paragraph. The allegations contained within the third, fourth, and fifth sentences of this paragraph constitute a characterization of the instant action, to which no response is required.

13. The allegations contained within this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself on this score and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, defendants deny the same.

14. The allegations contained within this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself on this score and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, defendants deny the same.

15. Defendants are without information sufficient to admit or deny the allegations contained within this paragraph.

16. The allegations contained within this paragraph constitute statements or conclusions of law to which no response is required.

17. The allegations contained within the first sentence of this paragraph constitute a conclusion of law to which no response is required. Defendants are without information sufficient to admit or deny the allegations contained within the second sentence of this paragraph.

18. Defendants are without information sufficient to admit or deny the allegations

contained within this paragraph.

19. Defendants are without information sufficient to admit or deny the allegations contained within this paragraph.

20. Defendants are without information sufficient to admit or deny the allegations contained within this paragraph.

21. The allegations contained within this paragraph constitute a conclusion of law to which no response is required. To the extent that the allegations contained within this paragraph are deemed factual in nature, defendants are without information sufficient to admit or deny the same.

22. The allegations contained within this paragraph constitute a conclusion of law to which no response is required. To the extent that the allegations contained within this paragraph are deemed factual in nature, defendants are without information sufficient to admit or deny the same.

23. The allegations contained within this paragraph constitute a conclusion of law to which no response is required.

24. The allegations contained within this paragraph constitute a conclusion of law to which no response is required.

25. The allegations contained within this paragraph constitute a conclusion of law to which no response is required.

26. The allegations contained within this paragraph constitute a conclusion of law to which no response is required.

27. The allegations contained within this paragraph constitute conclusions of law to

which no response is required.

28. The allegations contained within this paragraph constitute a statement of law to which no response is required.

29. The allegations contained within this paragraph constitute conclusions of law to which no response is required.

30. The allegations contained within this paragraph constitute a statement of law to which no response is required.

31. Defendants are without information sufficient to admit or deny the allegations contained within this paragraph.

32. To the extent related to the filing of application number PCT/FR01/01749, defendants are without information sufficient to admit or deny the allegations contained within this paragraph. The remaining allegations contained within this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself on this score and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, defendants deny the same.

33. The allegations contained within this paragraph constitute conclusions of law to which no response is required. To the extent that the allegations contained within this paragraph are deemed factual in nature, they constitute a characterization of the administrative record in this case. The administrative record speaks for itself on this score and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, defendants deny the same.

34. The allegations contained within this paragraph constitute a conclusion of law to which no response is required.

35. The allegations contained within this paragraph constitute a conclusion of law to which no response is required.

36. Defendants are without information sufficient to admit or deny the allegations contained within this paragraph.

37. Defendants are without information sufficient to admit or deny the allegations contained within the first sentence of this paragraph. The allegations contained within the second sentence of this paragraph constitute a conclusion of law to which no response is required.

38. The allegations contained within this paragraph, to the extent related to a petition to revive PCT/FR01/01749, constitute a characterization of the administrative record in this case. The administrative record speaks for itself on this score and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, defendants deny the same. Defendants are without information sufficient to admit or deny the remaining allegations contained within this paragraph.

39. The allegations contained within this paragraph constitute a conclusion of law to which no response is required.[2]

40. The allegations contained within this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself on this score

[2]The allegations contained within this footnote constitute a characterization of this action to which no response is required.

and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, defendants deny the same. To the extent that the allegations contained within this paragraph constitute a statement or conclusion of law, no response is required.

41. The allegations contained within this paragraph constitute a conclusion of law to which no response is required.

42. The allegations contained within this paragraph, to the extent related to the USPTO's forwarding of a national stage application, constitute a characterization of the administrative record in this case. The administrative record speaks for itself on this score and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, defendants deny the same. The remaining allegations contained within this paragraph constitute a conclusion of law to which no response is required.

43. The allegations contained within this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself on this score and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, defendants deny the same.

44. Defendants are without information sufficient to admit or deny the allegations contained within this paragraph.

45. Defendants are without information sufficient to admit or deny the allegations contained within this paragraph.

46. Defendants are without information sufficient to admit or deny the allegations

contained within this paragraph.

47. Defendants are without information sufficient to admit or deny the allegations contained within this paragraph.

48. The allegations contained within this paragraph constitute conclusions of law to which no response is required.

49. Defendants are without information sufficient to admit or deny the allegations contained within this paragraph.

50. The allegations contained within this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself on this score and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, defendants deny the same. To the extent that the allegations contained within this paragraph constitute a statement or conclusion of law, no response is required.

51. The allegations contained within this paragraph constitute a characterization of the administrative record in this case. The administrative record speaks for itself on this score and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, defendants deny the same.

52. The allegations contained within this paragraph constitute statements of law to which no response is required.

53. The allegations contained within this paragraph constitute statements of law to which no response is required.

54. Defendants repeat and incorporate by reference the responses to the allegations

set forth in paragraphs 1 through 53.

55. The allegations contained within this paragraph constitute a conclusion of law to which no response is required.

56. The allegations contained within this paragraph constitute a conclusion of law to which no response is required. To the extent that the allegations contained within this paragraph are deemed factual, they constitute a characterization of the administrative record in this case. The administrative record speaks for itself on this score and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the administrative record, defendants deny the same.

57. The allegations contained within this paragraph constitute a conclusion of law to which no response is required.

58. The allegations contained within this paragraph constitute statements and conclusions of law to which no response is required.

59. The allegations contained within this paragraph constitute a conclusion of law to which no response is required.

60. Defendants repeat and incorporate by reference the responses to the allegations set forth in paragraphs 1 through 59.

61. The allegations contained within this paragraph constitute a conclusion of law to which no response is required. To the extent that the allegations contained within this paragraph are deemed factual, such constitute a characterization of the administrative record in this case. The administrative record speaks for itself on this score and is the best evidence of its contents. To the extent that the allegations contained within this paragraph are inconsistent with the

administrative record, defendants deny the same.

62. The allegations contained within this paragraph constitute a conclusion of law to which no response is required.

63. The allegations contained within this paragraph constitute conclusions of law to which no response is required.

64. The allegations contained within this paragraph constitute conclusions of law to which no response is required.

65. The allegations contained within this paragraph constitute conclusions of law to which no response is required.

66. Defendants repeat and incorporate by reference the responses to the allegations set forth in paragraphs 1 through 65.

67. The allegations contained within this paragraph constitute conclusions of law to which no response is required.

68. The allegations contained within this paragraph constitute conclusions of law to which no response is required.

69. The allegations contained within this paragraph constitute conclusions of law to which no response is required.

70. The allegations contained within this paragraph constitute conclusions of law to which no response is required.

71. The allegations contained within this paragraph constitute conclusions of law to which no response is required.

72. The allegations contained within this paragraph constitute conclusions of law to

which no response is required.

73. Defendants repeat and incorporate by reference the responses to the allegations set forth in paragraphs 1 through 72.

74. The allegations contained within this paragraph constitute conclusions of law to which no response is required.

75. The allegations contained within this paragraph constitute a conclusion of law to which no response is required.

76. The allegations contained within this paragraph constitute conclusions of law to which no response is required.

77. The allegations contained within this paragraph constitute conclusions of law to which no response is required.

Any allegation not specifically admitted or denied should be deemed denied.

WHEREFORE, defendants, having fully answered the factual allegations of the complaint, requests that this Court dismiss plaintiffs' complaint or enter judgment in its favor.

///

///

Respectfully submitted,

NEIL H. MacBRIDE
UNITED STATES ATTORNEY

By: __________/s/_________________
STEPHEN J. OBERMEIER
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3785
Fax: (703) 299-3983
Email: stephen.obermeier@usdoj.gov

DATE: September 4, 2012

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") to the following:

Clarence Edward Polk, Jr.
Chief Litigation Officer
Exela Pharma Sciences, LLC
42450 Longacre Drive
Chantilly, Virginia 20152
Email: epolk@exela.us

Date: September 4, 2012

/s/
Stephen J. Obermeier
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3785
Fax: (703) 299-3983
Email: stephen.obermeier@usdoj.gov

ATTORNEY FOR DEFENDANTS