IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EXELA PHARMA SCIENCES, LLC, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DAVID J. KAPPOS, Under Secretary of ) <br> Commerce for Intellectual Property and ) <br> Director of the United States Patent and ) <br> Trademark Office, ) <br> ) <br> UNITED STATES PATENT AND ) <br> TRADEMARK OFFICE, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 1:12-cv-00469 <br> (LO/JFA) |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR A CONTINUANCE OF THE MERITS BRIEFING SCHEDULE

Pursuant to Local Rule 7(F)(1), Defendants, through the undersigned counsel, respectfully submit this reply memorandum in support of their Motion for Continuance of the Merits Briefing Schedule.

## INTRODUCTION

On November 6, 2012, Defendants intend to file a motion to reconsider this Court's order denying Defendants' motion to dismiss in light of the Fourth Circuit's recent decision in *Hire Order Ltd. v. Marianos*, -- F.3d --, 2012 WL 4950863 (4th Cir. Oct. 18, 2012).  In order to conserve judicial resources, and because the Court's decision on Defendants' motion could affect the substance of Defendants' merits arguments, Defendants have moved the Court to continue the merits briefing schedule.  Rather than agree to a reasonable extension, Plaintiffs argue that a continuance is improper based on their erroneous contention that *Hire*

*Order*—which was decided two days after Plaintiffs filed their motion for summary judgment—"merely restates existing law" and has nothing to do with this case. In fact, Plaintiffs' baseless accusations that Defendants are merely trying to delay a decision on the merits in this case demonstrates a fundamental misunderstanding of *Hire Order*, this Court's decision denying Defendants' motion to dismiss, and Administrative Procedure Act ("APA") law generally. *Hire Order* constitutes new, binding precedent with respect to the timeliness of APA actions, and a motion for reconsideration of the Court's interlocutory order pursuant to Federal Rule of Civil Procedure 54(b) is plainly appropriate. Accordingly, Defendants' motion for a continuance should be granted.

## ARGUMENT

**I.      *HIRE ORDER* CONSTITUTES NEW BINDING CASE LAW.**

As an initial matter, Plaintiffs do not contest that, although this case implicates the Patent Act, *Hire Order* is binding on the question of timeliness. Indeed, the Federal Circuit has stated that "this court defers to the law of the regional circuits on matters of procedural law that do not implicate issues of patent law, *such as statute of limitations rulings*." *Landmark Screens, LLC v. Morgan, Lewis, & Bockius, LLP*, 676 F.3d 1354, 1361-62 (Fed. Cir. 2012) (emphasis added) (internal quotations omitted). Thus, this Court's decision on timeliness must be consistent with *Hire Order*.

Moreover, *Hire Order* constitutes new circuit precedent with respect to the timeliness of APA actions. Although Plaintiffs contend that the case merely restates Fourth Circuit law regarding the timeliness of purely facial challenges to agency regulations, *see* Dkt. No. 45 at 3-5 (citing *Shipbuilders Council of Am. v. U.S. Coast Guard*, 578 F.3d 234, 245 n.3 (4th Cir. 2009)),

in fact, the *Hire Order* court for the first time considered the argument raised by Plaintiffs here—*i.e.*, that with respect to APA challenges, the six-year statute of limitations commences *when the plaintiff is injured* as opposed to when "final agency action" occurred. Indeed, while *Hire Order* was decided in the context of a facial challenge, it does not even cite *Shipbuilders*, and certainly oral argument—as well as a published opinion—would have been unnecessary in *Hire Order* had the case merely involved black letter circuit law.

Finally, Defendants respectfully contend—and will elaborate further in their motion for reconsideration—that this Court's decision with respect to timeliness is inconsistent with *Hire Order*. In addressing the appellants' challenge to a 1969 revenue ruling, the *Hire Order* court first confirmed that "[a] cause of action governed by § 2401(a) accrues or begins to run at the time of 'final agency action,'" which occurs, for purposes of a regulation, when the regulation is promulgated. 2012 WL 4950863, at *2. The Court then rejected the appellants' argument—which is identical to the argument raised by Plaintiffs here—that the statute of limitations could not begin running within six years of "final agency action" if appellants were not even in existence during that time. The Court concluded, "The contention of Hire Order and Privott that their cause of action did not accrue until they became federally licensed firearms dealers in 2008 *utterly fails*." *Id.* (emphasis added).

In denying Defendants' motion to dismiss on timeliness grounds, this Court held the opposite. Although this suit was brought nine years after USPTO's decision to grant Intervenors' petition to revive—*i.e.*, final agency action—this Court found:

> The parties dispute when Plaintiffs' "right of action first accrue[d]." Defendants argue that Plaintiffs' [sic] untimely filed their lawsuit nine years after the PTO's 2003 revival decision. However, *Plaintiffs could not have filed a lawsuit in federal court until they had suffered an injury in fact*. Plaintiffs' alleged injury occurred in 2011, when the

3

> PTO's allegedly improper revival decision enabled the '218 licensee to file an infringement action against Plaintiffs. *Plaintiffs could not have challenged the PTO's revival decision before the decision caused injury to the Plaintiffs in 2011. Plaintiffs' 2012 challenge is timely.*

*Exela Pharma Scis., LLC v. Kappos*, 2012 WL 3638552, at *1 (E.D. Va. Aug. 22, 2012) (emphases added) (internal citations omitted). In other words, this Court determined, contrary to *Hire Order*, that the date of Plaintiffs' injury—rather than the date of final agency action—was the operative date for statute of limitations purposes.

Plaintiffs contend that *Hire Order* is inapplicable because it involved a facial challenge, and they have not raised a facial challenge here. However, this argument is based on a superficial and simplistic reading of *Hire Order*. This Court's holding that the statute of limitations on Plaintiffs' APA action began to run at the time of Plaintiffs' injury rather than at the time of final agency action is directly contrary to *Hire Order*, *regardless of whether Plaintiffs raised a facial challenge*. Put differently, the holding and reasoning of *Hire Order* are not limited to the specific type of challenge presented there. Even if Plaintiffs have not raised a facial challenge to USPTO's regulations in this lawsuit, they can point to no final agency action applying those regulations within the last six years, and their suit is untimely.

Moreover, despite Plaintiffs' assertions that it has been known all along that they never intended to raise a facial challenge, their complaint is entitled "Complaint for Declaratory and Injunctive Relief and *Petition for Review of Rulemaking*," and in their Request for Relief, they ask this Court to "[i]ssue a declaratory judgment or other order holding that the USPTO *rules and regulations* allowing for the revival of an international patent application under the 'unintentional' standard are unlawful." As a result, this Court held, contrary to *Hire Order*, that Plaintiffs' *facial challenge* to 37 C.F.R. § 1.137(b)—which was promulgated in its current form

4

twelve years prior to this lawsuit—was timely:

> Defendants also argue that a facial challenge to the relevant statutory provision accrued in 2000, when the PTO promulgated the regulation implementing the challenged "unintentional" standard. *See* 37 C.F.R. 1.137(b). However, the PTO acknowledges that an exception to this accrual date exists when the challenger alleges that the agency applied the statute in a way that exceeds constitutional or statutory authority. . . . [T]he Ninth Circuit found that plaintiffs were not time barred from bringing a suit fourteen years after the agency's initial decision applying a regulation when the plaintiffs "could have had no idea" at the time the agency applied the regulation that the agency's decision would affect them. *See N. Cnty. Cmty. Alliance, Inc. v. Salazar*, 573 F.3d 738, 743 (9th Cir.2009). Here, the PTO's revival decision did not affect the Plaintiffs until 2011 when the PTO's allegedly erroneous decision permitted the '218 patent licensee to file an infringement action against them. Plaintiffs' challenge is timely.

*Exela Pharma Scis.*, 2012 WL 3638552, at *2 (emphasis added). To the extent the Ninth Circuit's non-binding *North County Community Alliance* decision was ever good law, *Hire Order* directly contradicts it, and any facial challenge raised by Plaintiffs is also untimely.

**II.    A RULE 54(B) MOTION IS PLAINLY APPROPRIATE IN LIGHT OF *HIRE ORDER*.**

Because *Hire Order* constitutes new law that bears directly on this case, it is entirely appropriate for Defendants to file a motion to reconsider this Court's interlocutory order pursuant to Rule 54(b). This Court has held that "[t]he Federal Rules of Civil Procedure expressly provide a district court discretion to revise interlocutory orders prior to final judgment." *Perry-Bey v. City of Norfolk, Va.*, 678 F. Supp. 2d 348, 374 (E.D. Va. 2009) (citing Fed. R. Civ. P. 54(b)). "In considering motions for reconsideration of such interlocutory orders, a district court is not required to apply 'the strict standards applicable to motions for reconsideration of a final judgment' under Fed. R. Civ. P. 59(e) because a district court 'retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted.'" *Id.* (quoting *Amn. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003)). That is, "[t]he power to reconsider the interlocutory judgment

5

is committed to the discretion of the district court," *id.*, and "therefore plaintiff is not required to make a showing of extraordinary circumstances," *Netscape Communications Corp. v. ValueClick, Inc.*, 704 F. Supp. 2d 544, 546-47 (E.D. Va. 2010). "Instead, the goal . . . 'is to reach the correct judgment under law.'" *Id.* (quoting *Amn. Canoe Ass'n*, 326 F.3d at 514-15).

Plaintiffs' contention that Defendants' proposed motion for reconsideration is "unfounded," *see* Dkt. No. 45 at 3, does not even address the low threshold for reconsideration associated with a Rule 54(b) motion. Moreover, this Court would unquestionably benefit from full briefing and argument on this important APA issue, which has far-reaching consequences with respect to all agency decisions. As a result, Plaintiffs' contention that Defendants' proposed reconsideration motion—as well as this motion for a continuation—is intended merely to harass and delay is baseless.[1]

### III.    THE COURT SHOULD CONTINUE THE MERITS BRIEFING SCHEDULE.

Because under the current schedule, Defendants' motion for reconsideration will be filed on the same day as their opening merits brief, a continuance of the merits briefing schedule is in

---

[1] The decision of Plaintiffs' counsel to include as an exhibit to their opposition an email chain in which Plaintiffs' counsel makes baseless and vexatious Rule 11 allegations is entirely inappropriate. Rather than calling undersigned counsel to address his concerns, Plaintiffs' counsel instead has accused undersigned counsel in writing—and now in a public filing—of acting improperly without even seeing Defendants' motion for reconsideration. Indeed, counsel's actions can only be interpreted as an attempt to intimidate undersigned counsel into shying away from zealously representing his client. As many courts have held, Rule 11 allegations are to be used as a shield, not a sword. *See, e.g.*, *Autrey v. United States*, 889 F.2d 973, 986 n.20 (11th Cir. 1989) ("We will take this opportunity . . . to warn appellees' counsel that we look with disfavor on a party's use of Rule 11 or the ethical rules as combative tools. The rules governing the ethical conduct of lawyers are far too important to be trivialized and used in baseless mud-slinging such as this. We will not tolerate attempts to use the ethical rules in a way contrary to the spirit of those very rules."). Accordingly, this Court should strike Plaintiffs' first exhibit pursuant to Federal Rule of Civil Procedure 12(f) as a "scandalous matter." *See* Fed. R. Civ. P. 12(f).

the best interests of both the Court and the parties. First, postponing the merits briefing schedule to decide the threshold issue of timeliness will conserve judicial resources by preventing the Court from having to review parallel briefs simultaneously. Indeed, if the Court rules in favor of Defendants, the Court would be spared the task of reviewing any merits briefing. Moreover, even if the Court denies the motion, its decision may affect how Defendants brief the merits. *See Exela Pharma Scis.*, 2012 WL 3638552, at *1 n.1. Finally, contrary to Plaintiffs' exaggerated claims of a "lengthy and unwarranted delay," Dkt. No. 45 at 3, a one-month or six-week postponement of the merits briefing schedule would hardly prejudice Plaintiffs. The trial in the Delaware infringement action is not scheduled until late May of 2013, long after a judgment on the merits will be made in this action. And in fact, Plaintiffs would benefit by not having to submit response briefs to both a motion for summary judgment and motion for reconsideration in the fourteen days leading up to the holidays.[2] As such, Plaintiffs' argument that Defendants seek an extension of the merits briefing schedule merely to delay this case is baseless—indeed, delay of the merits briefing *per se* offers no benefit to Defendants—and the requested continuance should be granted.

## CONCLUSION

For these reasons, the Court should grant Defendants' motion for a continuance of the merits briefing schedule and adopt the schedule proposed by Defendants in that motion.

---

[2] To the extent Plaintiffs allege prejudice because they have already filed their opening merits brief, Defendants will consent to Plaintiffs filing a new opening brief following a decision on the motion to reconsider. Indeed, Plaintiffs cannot allege that Defendants at all delayed raising the *Hire Order* decision following its issuance by the Fourth Circuit in order to gain an advantage in merits briefing.

        Respectfully submitted,

        NEIL H. MACBRIDE
        UNITED STATES ATTORNEY

By:      /s/
        Stephen J. Obermeier
        Assistant United States Attorney
        Justin W. Williams U. S. Attorney's Building
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        (703) 299-3785 (direct)
        (703) 299-3983 (fax)
        stephen.obermeier@usdoj.gov

DATED: November 1, 2012        ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 1, 2012, I will file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

| | |
|---|---|
| Clarence Edward Polk , Jr.<br>Exela Pharma Sciences, LLC<br>42450 Longacre Drive<br>Chantilly, VA 20152<br>703-989-5397<br>Fax: 703-957-4166<br>Email: epolk@exela.us<br><br>*Counsel for Plaintiffs* | Aaron Levi Webb<br>Oliff & Berridge PLC<br>277 S Washington St<br>Suite 500<br>Alexandria, VA 22314<br>703-836-6400<br>Fax: 703-836-2787<br>Email: awebb@oliff.com<br><br>*Counsel for Intervenors* |
| Peter Thomas Ewald<br>Oliff & Berridge PLC<br>277 S Washington St<br>Suite 500<br>Alexandria, VA 22314<br>703-836-6400<br>Fax: 703-836-2787<br>Email: pewald@oliff.com<br><br>*Counsel for Intervenors* | |

By:     /s/
Stephen J. Obermeier
Assistant United States Attorney
Justin W. Williams U. S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3785 (direct)
(703) 299-3983 (fax)
stephen.obermeier@usdoj.gov

ATTORNEY FOR DEFENDANTS